HENRY W. TAYLOR, GEORGE T. GILBERT AND CATHA-
RINE W. FITCH, TRUSTEES &c. OF JABEZ S. FITCH,
DECEASED, v. ANDREW SNYDER, CLARK SNYDER, AND
CHARLES G. HAMMOND, AUDITOR GENERAL.

Where F. sold a piece of land by warranty deed to C. and took back a mortgage,
and, after his death, the land was advertised to be sold for taxes levied before the
sale to C., and the executors and trustees of F. attended the sale for the purpose
of purchasing the land, and thereby saving, as they supposed, a foreclosure of the
mortgage, but were prevented from doing so by the fraudulent conduct of S., against
whom they filed their bill, *it was held*, that C. need not be a party.

It was also *held*, that it was not necessary to offer in the bill to refund the money
paid by S. for the tax title fraudulently obtained by him.

Where the bill prays an injunction, but it is omitted in the prayer for process, it is a
good ground for refusing an injunction, but not for dissolving it when it has been
allowed.

MOTION to dissolve injunction for want of equity in the
bill.

The bill was filed by complainants as trustees and
executors of Jabez S. Fitch, deceased, and stated that, in
his lifetime, Fitch, being seized, in fee simple, of the east
half of the northwest quarter of section number twelve,
in township number one south, of range number five west,
on or about the fourteenth day of November, 1839, agreed
with one Thomas L. G. Conant to sell him said land, with
certain other real estate in Calhoun county, for which Co-
nant was to pay him, at the expiration of one year, two
hundred and fifty dollars and interest at the rate of ten
per cent, to be secured by a mortgage and promissory
note. That Fitch, and complainant Catharine W. Fitch,
his wife, accordingly executed a warranty deed to Co-
nant, who gave the note and mortgage as agreed upon;
which mortgage was duly recorded. That the amount so

secured was due, and no part thereof had been paid, and no proceedings had been had to collect the same. That the lot was advertised to be sold on October 2d, 1843, for the taxes of 1838, and that complainants appeared at the sale, by their agent, Charles T. Gilbert, for the purpose of bidding it in, to save the expense and trouble of foreclosure; and that, in their opinion, the land was worth no more than the amount due on the mortgage. That Charles T. Gilbert publicly stated his object in the hearing, among others, of the defendant, Andrew Snyder, who well knew of the existence of the mortgage, and that it was unpaid. That Andrew Snyder bid on said lot at the sale, and offered to pay the taxes for the sixteenth part of an inch of the land; and the same was struck off to him. That he neglected to pay for several days, and, on the 9th day of October, the day before the sales closed, it was again put up, in the absence of said Charles T. Gilbert, and bid off by one Walter Martin, in the name of Clark Snyder, the brother of Andrew. That the said Charles T. Gilbert, on the day after the first sale, called at the treasurer's office to pay the taxes, in case Andrew Snyder had not paid them, and was informed that said Andrew would pay them; and he then informed the treasurer, or his clerk, of his willingness to pay the taxes, in case the said Andrew should neglect to do so. The bill charged that the defendant, Clark Snyder, never authorised the bid in his name; that his name had been returned to the Auditor General as purchaser of the land, but no deed of it had as yet been given to him or any one. That the purchase was made by the direction of Andrew, who paid the money, and that it was made in the name of Clark Snyder to deceive and defraud complainants; the said Andrew intending to obtain a conveyance from said Clark, who never authorised the purchase in his name, or otherwise.

*E. Bradley*, in support of the motion.

Fitch conveyed by warranty deed to Conant, on November 15th, 1839, and was bound to pay the tax for which the land was sold. He who asks equity must do equity. In violation of this principle, complainants appeared at the tax sale, to bid in the premises and save the expense of a foreclosure, when the land was being sold for a tax they should have paid. Conant, who is still the owner of the land for aught that appears, should be a party. There is no offer in the bill to refund to A. Snyder the tax paid by him. An injunction is not asked in the prayer for process. Where an injunction is prayed for in the prayer of the bill, but is omitted in the prayer for process, an injunction will be refused. 1 *Barb. Ch. Pr.* 617; *Wood* v. *Beadle*, 3 *Sim. R.* 273.

*Wm. H. Brown*, contra.

THE CHANCELLOR. The bill is filed to have the tax sale declared fraudulent and void; and not to foreclose the mortgage.

The tax was a lien on the premises, when Fitch, by warranty deed, conveyed them to Conant, and took from him the mortgage. It belonged to Fitch, in his lifetime, to pay the tax; and to complainants, after his death, as the devisees and trustees of his estate. Had they purchased the premises at the tax sale, as they designed doing, and probably would have done but for the gross imposition practiced upon them by A. Snyder,—for the bill, on the present motion, must be taken to be true in all respects,—this Court would not permit them to use the tax title to defeat Conant's title under their devisor. On the contrary, it would presume that they had purchased the tax title to prevent a failure of Conant's title, and to pro-

tect themselves against a breach of their devisor's cove-
nant of warranty.   Neither would it have superseded the
necessity of their foreclosing the mortgage, to cut off Co-
nant's equity of redemption, as they supposed.

Complainants have an interest in sustaining Conant's
title, aside from the mortgage.   If no mortgage had been
given, as devisees, they would be liable, so far as they
have property from their devisor, for a failure of Conant's
title.   Whatever interest Conant has in the present suit is
consequential, not direct.   Andrew Snyder was guilty of
no fraud as to him.   Conant did not offer to pay the tax;
nor was he present at the sale, and prevented from pur-
chasing the tax title, for the better security of his own
title, by the unwarrantable conduct of A. Snyder.   And,
should complainants fail in the present suit, and he in the
end be ousted by the tax title, his remedy against them
on the warranty would still be good.   He is not therefore,
we think, a necessary party to the present proceedings.

The case made by the bill is one of actual, not con-
structive fraud; and, if sustained, defendants must lose
what they have paid.   *How* v. *Camp, ante* 427.   Equity
will not protect them against the consequences of their
own fraudulent conduct.

Where the bill prays an injunction, but it is omitted in
the prayer for process, it is a good ground for refusing an
injunction, but not for dissolving it after it has been allow-
ed.

Motion denied, with $5 costs.